**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   19-cv-03509

UNITED STATES OF AMERICA,

      Plaintiff,

v.

TIFFANY GARCIA-FREEMAN,
      A/K/A Tiffany Freeman, Tiffany Campbell, Tiffany Marie Freeman, Tiffany Garcia

      Defendant.

---

## COMPLAINT

---

The United States of America (the "United States" or "Plaintiff"), through counsel, hereby files a complaint against Tiffany Garcia-Freeman ("Garcia-Freeman"), under the Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. §3001 et seq. (2017), and the Public Health Service Act, 42 U.S.C. § 201 et seq. (2017).

### I. JURISDICTION

1.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1345.

### II. PARTIES

2.     Plaintiff, the United States, is a sovereign nation.

3.     Defendant, Garcia-Freeman, is a resident of the City of La Veta, Huerfano County, Colorado, residing within the jurisdiction of this Court.

### III.     FACTUAL ALLEGATIONS

4.      Garcia-Freeman is not in military service pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, as amended by the Service Members' Civil Relief Act of 2003.

5.      Garcia-Freeman submitted an application and, on or about July 20, 2010, signed a contract to participate in the Nursing Scholarship Program, administered by the United States Department of Health and Human Services ("HHS"), as set forth in Section 846(d) of the Public Health Service Act (42 U.S.C. § 297n(d)).

6.      On September 29, 2010, Garcia-Freeman was approved to receive a scholarship award for the 2010–2011 school year for the nursing program at Pueblo Community College ("2010–11 Award").  In addition, she received a continuing scholarship award for 2011–2012 school year for the nursing program at Pueblo Community College ("2011–12 Award").

7.      For the 2010–11 Award, Garcia-Freeman received a total of $17,399.00 representing tuition, fees, monthly stipends, and other reasonable education costs.

8.      A condition for receipt of funds is to maintain enrollment as a full-time student until completion of the course of study for which the scholarship was provided.

9.      Garcia-Freeman defaulted on her obligation to complete the course of study for which the scholarship was provided, as she voluntarily withdrew from the nursing program at Pueblo Community College on or about June 17, 2011.

10.     Garcia-Freeman did not notify HHS of her withdrawal from the nursing program at Pueblo Community College, and as a result, Garcia-Freeman received an additional $3867.00 in stipend payments for the 2011–12 Award, to which she was no longer entitled.

11.     HHS learned of Garcia-Freeman's withdrawal from the nursing program at Pueblo Community College on or about October 3, 2011.

12.     Garcia-Freeman is currently indebted to the United States for the 2010–11 Award. Specifically, Garcia-Freeman is indebted to the United States in the principle amount of $17,399.00 plus interest in the amount of $12,885.75 as of November 19, 2019 and interest thereafter on the principal at the applicable note rate of 11% per annum until the date of judgment.

13.     Garcia-Freeman has paid a total amount of $3248.61 towards this debt via voluntary payments, which is reflected in the above amount.  Garcia-Freeman's last voluntary payment was received on or about June 17, 2016.

14.     A copy of the Certificate of Indebtedness establishing the basis for Garcia-Freeman's liability for this debt is attached herein as Exhibit 1.

15.     The United States has made a demand to Garcia-Freeman for the amount owed, but the amount due remains unpaid.

16.     Garcia-Freeman is also currently indebted to the United States for the 2011–12 Award. Specifically, Garcia-Freeman is indebted to the United States in the principle amount of $3386.52 plus interest in the amount of $1854.77 as of November 19, 2019 and interest thereafter on the principal at the applicable note rate of 10.5% per annum until the date of judgment.

17.     Garcia-Freeman has paid a total amount of $1496.00 towards this debt via voluntary payments and Treasury Offset Program payments, which is reflected in the above amount. Garcia-Freeman's last voluntary payment was March 27, 2014.

18.     A copy of the Certificate of Indebtedness establishing the basis for Garcia-Freeman's liability for this debt is attached herein as Exhibit 2.

19.     The United States has made a demand to Garcia-Freeman for the amount owed, but the amount due remains unpaid.

## COUNT I – CLAIM FOR A DEBT (2010–11 Award)

20.     Plaintiff repeats and incorporates by reference the paragraphs above.

21.     The amounts set forth in paragraph twelve constitute a "debt" to the United States as defined in the FDCPA.  28 U.S.C. § 3002(3)(B).

22.     Plaintiff is entitled to obtain a remedy in connection with Garcia-Freeman's debt to the United States.  28 U.S.C. § 3001(a)(2); 42 U.S.C. §§ 254o(c)(1), 297n(d)(4), 297n(g)(1)(A)(iii).

## COUNT II – CLAIM FOR A DEBT (2011–12 Award)

23.     Plaintiff repeats and incorporates by reference the paragraphs above.

24.     The amounts set forth in paragraph sixteen constitute a "debt" to the United States as defined in the FDCPA.  28 U.S.C. § 3002(3)(B).

25.     Plaintiff is entitled to obtain a remedy in connection with Garcia-Freeman's debt to the United States.  28 U.S.C. § 3001(a)(2); 42 U.S.C. §§ 254o(c)(1), 297n(d)(4), 297n(g)(1)(A)(iii).

WHEREFORE, PREMISES CONSIDERED, the United States respectfully prays:

a. To recover from Garcia-Freeman $17,399.00 plus interest in the amount of $12,885.75 as of November 19, 2019, interest thereafter on the principal at the applicable note rate of 11% per annum until the date of judgment, and for post judgment interest at the legal rate in effect on the date of entry of judgment, to be compounded annually pursuant to 28 U.S.C. § 1961 (b);

b. To recover from Garcia-Freeman $3386.52 plus interest in the amount of $1854.77 as of November 19, 2019, interest thereafter on the principal at the applicable note rate of 10.5% per annum until the date of judgment, and for post judgment interest at the legal rate in effect on the date of entry of judgment, to be compounded annually pursuant to 28 U.S.C. § 1961 (b);

c. That the Court award the United States costs for prosecuting this action, including but not limited to, a filing fee of $400.00 as authorized by 28 U.S.C § 2412(a)(2); and

d. That the Court grant such further and general relief as the Court deems just and proper under the law and the facts of this case.

Respectfully submitted,

JASON R. DUNN
United States Attorney

s/ William B. Gillespie
**WILLIAM B. GILLESPIE**
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0102
E-mail: William.Gillespie@usdoj.gov
Counsel for United States